IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEE MARVIN HARPER, JR.,
    Plaintiff,

vs.                                       Case No. 3:11cv6/LC/CJK

MIKE BABCOCK,
    Defendant.

## REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiff's amended civil rights complaint filed under 28 U.S.C. § 1331 and *Bivens*.[1] (Doc. 5). Upon review of the amended complaint, the Court concludes that plaintiff has not presented an actionable *Bivens* claim, and that dismissal of this case is warranted.

### BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff, proceeding *pro se* and *in forma pauperis*, is a federal inmate currently incarcerated at the Federal Correctional Institution - Low in Beaumont, Texas ("FCI-Beaumont Low"). Plaintiff's amended complaint names one defendant: Mike Babcock, the Warden of the Federal Prison Camp in Pensacola, Florida ("FPC-Pensacola"). (Doc. 5, p. 2). Plaintiff claims defendant Babcock retaliated against him

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (recognizing an implied private action for damages against individual federal officers alleged to have violated a citizen's constitutional rights).

for filing a grievance by imposing a "Greater Security" Management Variable on plaintiff's custody classification, and ordering plaintiff's transfer to a higher security prison. Plaintiff claims Babcock's actions violated the First Amendment, the Equal Protection Clause of the Fifth Amendment, 28 C.F.R. § 541.17(i), and Bureau of Prisons' Program Statement 1040.04 which prohibits discrimination. (*Id.*, pp. 5-9). As relief, plaintiff seeks punitive damages and declaratory and injunctive relief. (*Id.*, pp. 7, 10).

Plaintiff alleges the following facts in support of his claims. On November 18, 2009 while plaintiff was housed at FPC-Pensacola, plaintiff and two other inmates (Howard Gaines and Percy McClendon) were charged with committing a prohibited act. (Doc. 5, p. 5). The inmates were placed in administrative segregation pending the outcome of a disciplinary hearing. (*Id.*). On December 10, 2009, plaintiff, Gaines and McClendon were found not guilty of the infraction. (*Id.*). The Disciplinary Hearing Officer ("DHO") ordered that the incident report be expunged from the inmates' records. (*Id.*). Plaintiff states that he remained in segregation despite the finding of not guilty, and that he filed a grievance concerning his continued segregation. (*Id.*). On January 6, 2009, defendant Babcock, while making routine rounds of the segregation units, stated to plaintiff: "Young man I strongly advise you to stop filing all that dam[n] paper. . . . Just lay back and relax, trust me you'll be out of this place soon." (*Id.*, pp. 5-6). Plaintiff states that Inmates Gaines and McClendon did not file any grievances and "were soon transferred back to FPC Pensacola," whereas plaintiff was not. (*Id.*, p. 6). Instead, defendant Babcock referred plaintiff for an administrative transfer and placed a "Greater Security" Management Variable on plaintiff's custody classification, which raised plaintiff's

custody status from "minimum" to "low security" and restricted plaintiff from being housed at a minimum security facility such as FPC-Pensacola for 24 months.  (*Id*.). Plaintiff asserts that defendant Babcock, in applying this Management Variable and requesting an administrative transfer, improperly considered the incident report in retaliation for plaintiff having grieved his continued confinement in segregation. Plaintiff alleges that "but for the Plaintiff exercising his right to file a grievance, Plaintiff would not have been transferred to a higher security level prison."  (*Id*., p. 6).

The attachments to plaintiff's amended complaint include a referral memorandum to the Designations and Sentence Computation Center Administrator, dated January 29, 2010.  (Doc. 5, Attach. B).  The memorandum, prepared by plaintiff's Case Manager L. Potter and approved by defendant Babcock, refers plaintiff for:  (1) transfer to "any appropriate low security facility; Adjustment transfer - code 330;" (2) application of a "Greater Security" Management Variable to plaintiff's custody classification; and (3) an updated Management Variable Expiration Date of January 29, 2012.  (*Id.*).  The memorandum notes the following with regard to plaintiff's institution adjustment:

> Inmate Harper arrived at FPC Pensacola on November 18, 2007, for service of his sentence.  He was sentenced in the Southern District of Mississippi to serve 180 months for Conspiracy to Possess With Intent to Distribute Cocaine Base and Criminal Forfeiture.  Inmate Harper has a projected release date of October 21, 2013.  Outside of his current incident, his institutional adjustment has been satisfactory during the time he has been incarcerated at FPC Pensacola.

(*Id*.).  The memorandum provides the following "rationale" for the referral:

> On November 18, 2009, during a routine room search, a cell phone charger was found inside the mattress of the bed assigned to

inmate Harper. A cell phone was also found inside his shoe underneath the same bed. Because the devices were found in a common area and not in a locked locker, nor any SIMS cards found, there was nothing to link them specifically to inmate Harper and the incident report was expunged. However, the cell phone and charger were found in an area most likely belonging to inmate Harper. Cellular phones are considered sensitive equipment and a hazardous tool. Although the incident report was expunged, a threat assessment was conducted by SIS [Special Investigation Services] Department and it was determined that although a disciplinary transfer is not possible, the SIS Department recommends an administrative transfer to minimize the likelihood inmate Harper will be able to breach the security of the facility by acquiring a cellular phone.

(*Id*.). In a section concerning any past or present behavior and/or management/inmate concerns, it is noted: "Inmate Harper has maintained clear conduct during this period of incarceration." (*Id*.). In addition to the referral memorandum, plaintiff has attached a copy of his Chronological Disciplinary Record which contains no entries. (Doc. 5, Attach. C).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well pleaded factual allegations in the complaint as true and evaluates all reasonable inferences

derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true"); *see also Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) ( "[A]ny conclusory allegations, unwarranted deductions of fact or legal conclusions

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

masquerading as facts do not prevent dismissal.") (citing *Associated Builders, Inc.*, 505 F.2d at 99).

As the Supreme Court reiterated in *Ashcroft, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974. A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (explaining, for example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

A district court reviewing a complaint under § 1915(e) may consider not only the complaint but also the exhibits attached to it. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (quotation

marks omitted); *see also Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) ("'[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858, 864 (5th Cir. 1953).

First Amendment Retaliation Claim

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). First Amendment retaliation claims arising in the prison context are analyzed under the three-part test articulated in *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). The inmate must establish: "(1) his speech was constitutionally protected; (2) he suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech." *Id.* at 1276. Mere "general attacks" upon a defendant's motivations are insufficient – the plaintiff must articulate "affirmative evidence" of retaliation to prove the requisite motive. *Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998) (citations omitted).

Accepting plaintiff's allegations and documentary evidence as true, defendant Babcock expressed awareness of plaintiff's grievance, advised plaintiff that he would soon be out of "this place," and referred plaintiff to the DSCC Administrator for transfer after the SIS Department conducted a threat assessment and recommended that plaintiff be transferred. Neither the sequence of events, nor the events

themselves plausibly infer a retaliatory motive.  To the contrary, plaintiff's exhibits establish that defendant Babcock's decisions were based on the SIS Department's investigation, assessment and recommendation.

Plaintiff argues that Babcock's consideration of the cellular phone incident could only have been motivated by retaliation because BOP policy prohibited Babcock from referencing the incident.  (Doc. 5, pp. 7-8).  Plaintiff is wrong.  The regulation plaintiff cites for this principle, 28 C.F.R. § 541.17(i), does not exist.  The Court has reviewed the Bureau of Prisons' policies.  The pertinent policy provides:

> If the DHO expunges an incident report, unit staff must ensure the inmate's central file does not include the incident report and/or related documents.
>
> References to significant prohibited acts that are not supported by disciplinary actions and hearing may not be used by the Bureau in ways that have an adverse impact on an inmate, specifically the forfeiture or disallowance of good time, good conduct time, or a parole recommendation.  Staff may maintain such references in an inmate's central file for use in making classification, administrative transfer, and other decisions if the following conditions are met:
>
> ● References in an inmate's central file must be maintained accurately.  For example, an inmate suspected of being involved in an escape attempt who was never found to have violated disciplinary regulations or was never charged due to lack of evidence would have to have the lack of evidence noted in any reference to alleged involvement in the escape attempt.

U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement No. 5270.09, p. 34 (2011).  Defendant Babcock was expressly authorized to reference the incident in connection with the classification and administrative transfer referral.  As plaintiff's

allegations and exhibits fail to raise a plausible inference of retaliation, plaintiff's First Amendment claim should be dismissed.

Equal Protection Claim

Plaintiff claims that defendant Babcock's referral of plaintiff to the DSCC Administrator violated the Equal Protection Clause and BOP Program Statement 1040.04, because Babcock did not refer Inmates Gaines and McClendon. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). BOP Program Statement 1040.04 states: "Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions and providing access to work, housing and programs."

Plaintiff's allegations fail to state a plausible equal protection claim, because plaintiff does not suggest Babcock discriminated against him on the basis of a constitutionally protected interest such as race. Plaintiff's claim fares no better even if construed as attempting to plead a "class of one" equal protection claim. The Supreme Court has recognized "class of one" equal protection claims where a plaintiff asserts that he was irrationally discriminated against on an individual basis, rather than as a member of a particular group. *Village of Willowbrook v. Olech*, 528

U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000). A plaintiff can establish a "class of one" claim by showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id*. at 564, 120 S. Ct. at 1074. "To be 'similarly situated,' the comparators must be *prima facie* identical in all relevant respects." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1264 (11th Cir. 2010) (quotation and emphasis omitted). The attachments to plaintiff's complaint demonstrate that plaintiff was <u>not</u> identical to Gaines and McClendon, because the cell phone and charger were found in <u>plaintiff's</u> shoe and mattress, not theirs.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's amended civil rights complaint (doc. 5) be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 30th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv6/LC/CJK*